**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TOMMIE HENDRICK JR., | ) | |
| | ) | No.  24 C 867 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| *Defendant*. | ) | |

## OPINION AND ORDER

On December 19, 2024, the Court granted Plaintiff Tommie Hendrick Jr. leave to file an Amended Complaint. (Dkt. 25). Defendants City of Chicago, Michael Donnelly, and Richard Rodriguez Jr. filed a Motion for Reconsideration. (Dkt. 29).  For the following reasons, Defendants' Motion [29] is denied.

## BACKGROUND

This litigation stems from a December 2023 incident between Hendrick and Chicago Police Officers Michael Donnelly and Richard Rodriguez Jr. (Dkt. 29 at 2).  The officers allegedly conducted an investigative stop, during which they searched Hendrick's person, and subsequently, arrested Hendrick, after he failed to disclose that he had a firearm on him. (*Id*. at 3).

Hendrick filed his original Complaint against Defendants City of Chicago and Officers Donnelly and Rodriguez on January 31, 2024. (Dkt. 1). In his original Complaint, Hendrick brought claims under 42 U.S.C. §1983 for First Amendment retaliation, Fourth and Fourteenth Amendment claims related to unlawful search and seizure, detention, use of force, and malicious prosecution, as well as an Illinois State law claim for intentional infliction of emotional distress. (*Id*.) Defendants answered the original Complaint on April 12, 2024. (Dkt. 7).

On December 19, 2024, the Court granted Hendrick leave to amend his Complaint. (Dkt. 25). Hendrick's Amended Complaint adds a *Monell* claim and an additional defendant. (Dkt. 26). Defendants now move for the Court to reconsider its decision to allow Hendrick to amend his original Complaint. (Dkt. 29).

## LEGAL STANDARD

Motions for reconsideration under Rule 54(b) are generally disfavored and serve the limited purpose of "bring[ing] to the Court's attention a manifest error of law or fact or newly discovered evidence." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Thus, "a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Tapia-Rendon v. United Tape & Finishing Co. Inc.*, 2024 WL 406513, at *2 (N.D. Ill. Feb. 2, 2024) (quoting *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled in part on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013)).

The party seeking reconsideration "bears a heavy burden," and such motions "are not at the disposal of parties who want to 'rehash' old arguments." *Patrick v. City of Chicago*, 103 F. Supp. 3d, 907, 912 (N.D. Ill. 2015) (citation omitted); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Thus, "a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected." *Goings v. Brookman*, 2023 WL 2989435, at *1 (S.D. Ill. Apr. 18, 2023) (citing *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006), *as amended* (Apr. 11, 2006)).

## <u>DISCUSSION</u>

Federal Rule of Civil Procedure 15(a) requires the Court to grant a leave to amend "when justice so requires." "[L]eave to amend need not be given, [however], if there is an apparent reason not to do so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.' " *Payne v. Churchich,* 161 F.3d 1030, 1036 (7th Cir.1998) (*quoting Foman v. Davis,* 371 U.S. 178, 182 (1962)). Ultimately, the decision to grant or deny a leave to amend lies within the district court's discretion. *Id*.; *Crim v. Bd. of Ed. of Cairo School District No. 1,* 147 F.3d 535, 547 (7th Cir.1998).

Defendants make three arguments to persuade the Court to reconsider its decision to permit Hendrick to amend his complaint: that (i) there was no indication Hendrick would amend his Complaint, (ii) the amendment prejudices Defendants, and (iii) the amendment is futile because Hendrick's *Monell* claim would not survive a motion to dismiss. (Dkt. 29 at 1).

### I.     Undue Delay and Prejudice

First, Defendants argue that because there was "no indication" Hendrick would add a *Monell* claim, the Court should reconsider its decision to permit Hendrick to amend his Complaint. (Dkt. 29 at 5). The *Monell* claim should not come as a shock to Defendants, given that discovery is ongoing.  (Dkt. 23). "[I]t is not unusual for parties to discover new theories for claims or defenses in the course of discovery. Timely motions to amend pleadings for such newly discovered theories are appropriate under Federal Rule of Civil Procedure 15(a)." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 479 (7th Cir. 2019); *Matter of Stavriotis*, 977 F.2d 1202, 1206 (7th Cir. 1992) ("Often a party will amend a complaint in response to new information obtained in discovery, to correct insufficient pleadings, or for numerous other valid reasons.").

This is precisely what happened here. During written discovery, Hendrick "uncover[ed] the identity of other Chicago Police Officers who played a role in his arrest, detention, and charging." (Dkt. 24 at 1). This led Hendrick to seek leave to amend his Complaint. (*Id.*) Hendrick, therefore, provided a good faith basis for his delay in seeking leave to amend. Because discovery is ongoing and Hendrick provided a good faith basis for his delay in adding the *Monell* claim, Defendants' claim that there was "no indication" of such a claim is unpersuasive.

Second, and with little support, Defendants argue that adding the *Monell* claim would prejudice Defendants. (Dkt. 29 at 4–6). Specifically, Defendants maintain that because Hendrick filed his initial Complaint last year, adding the new claim would cause Defendants to repeat discovery efforts. (*Id*. at 6). While it is true that an "[a]mendment may be prejudicial" if it requires "the parties to engage in *substantially more* discovery," *Thomas v. Mashak*, 743 F. App'x 702, 703–04 (7th Cir. 2018) (emphasis added), Defendants do not provide support that Hendrick's new claim will require this. (*See* Dkt. 29 at 6); *see also Wood v. Sec. Credit Servs., LLC*, 583 F. Supp. 3d 1137, 1142 (N.D. Ill. 2022) (finding no prejudice to defendants when plaintiff added a new claim, despite it necessitating additional discovery); *Carroll v. City of Oak Forest*, No. 19 C 7412, 2021 WL 2894157, at *2 (N.D. Ill. July 9, 2021) (granting leave to amend because non-movant failed to show they would be "significantly burden[ed] by additional discovery). Instead, Defendants merely contend that the claim will require Defendants to re-depose Plaintiff and add one more witness to written discovery. Though additional discovery may be required, Defendants provide insufficient support to show Hendrick's new claim causes them prejudice.

## II.    Futility

Defendants also argue that because, in their view, Hendrick's *Monell* claim would not survive a motion to dismiss, the amendment is futile—and therefore, the Court should reconsider

granting Hendrick leave to amend. (Dkt. 29 at 7). Assuming Hendrick's Amended Complaint would clearly not survive a motion to dismiss, Defendants are correct. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir.2013) (explaining that "if it is *clear* that any amendment would be futile," a court should deny leave to amend) (emphasis added). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (emphasis added). Hence, the Court's inquiry turns on whether it is *clear* or *certain* that an amendment is futile. *Bogie*, 705 F.3d at 608.

To evaluate whether an amendment is futile, the Court must assess Hendrick's new allegations. A *Monell* claim has three elements. A plaintiff must show: "(1) he suffered a deprivation of a constitutional right; (2) as a result of an express policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority, that was; (3) the cause of his constitutional injury." *Carmona v. City of Chicago*, No. 15-CV-00462, 2018 WL 1468995, at *2 (N.D. Ill. Mar. 26, 2018) (St. Eve, J.) (citing *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017)). "At the pleading stage, then, a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Further, "[t]here must be a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 479 (7th Cir. 1997) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

It far from "*clear*" that Hendrick's *Monell* claim would not survive a motion to dismiss— and therefore that the Court should not have permitted Hendrick to amend his original Complaint.

*Bogie*, 705 F.3d at 608; (Dkt. 26). Hendrick alleges that the Defendant Officers "regularly harass citizens by engaging in pretextual stops, writing false tickets, and illegally towing vehicles." (Dkt. 29 at 8). And while Hendrick's Amended Complaint does not allege specific facts showing others have faced similar levels of harassment, Hendrick does contend that the City failed to investigate Hendrick's several complaints. (*Id*. at 9). And further that, consequently, Defendant Officers were emboldened to continue their alleged harassment because they knew they "[would] not be held accountable for their actions. (*Id*.) Hendrick can fill in any gaps with information he learns during discovery. *See Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015) ("The purpose of discovery is to refine the case and to prepare it for trial based on a full understanding of the relevant facts.").

Hendrick's allegations are similar to those in *Sledd v. Lindsay*. 102 F.3d 282, 289 (7th Cir. 1996). In that case, the Seventh Circuit reversed the district court's dismissing a *Monell* claim because the appeals court determine that the plaintiff had "specifically allege[d] that the City and the CPD maintained a code of silence; that disciplinary complaints almost never resulted in official censure; and that this practice hurt him in particular, by making the officers believe their actions would never be scrutinized." *Id*. at 289. Similar to *Sledd*, here, Hendrick alleges that the City failed to respond to his multiple complaints and that, as a result, Defendant Officers were encouraged to harass Hendrick. *Id*. Plaintiff, therefore, has alleged a "direct causal link" between the City's policies and Hendrick's constitutional deprivation. *Lanigan*, 110 F.3d at 479.

No doubt Hendrick's Amended Complaint could have been clearer. Hendrick, for example, could have drawn a more concrete throughline between the specific policy, which permitted Chicago police officers' misconduct to go uninvestigated and without repercussions. The Seventh Circuit has emphasized, however, that heightened pleading standards do not apply to *Monell*

6

claims—Hendrick must only include facts sufficient to put the City on notice of its alleged misconduct. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Furthermore, alleging that one person committed wrongdoing based on a widespread municipal practice is sufficient to survive a motion to dismiss. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016. Indeed, even "conclusory" allegations are sufficient to put a defendant on notice in a municipal liability claim. *Id*.

Under this standard, it is not clear that Hendrick's Amended Complaint would not survive a motion to dismiss. Hendrick alleges that, because of the City's "customs, policies, and practices," the City willingly failed to investigate instances of police harassment (prong one). (Dkt. 26 at 9). And this allegedly emboldened (prong two) Defendant Officers to harass Hendrick in violation of the Constitution (prong three).

Accordingly, Defendants have not shown that Hendrick's *Monell* claim would not survive a motion to dismiss. *Bogie*, 705 F.3d at 608.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Reconsideration [29] is denied.

Virginia M. Kendall
United States District Judge

Date: February 26, 2025